[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13972
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20142-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY DEWITT HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 28, 2016)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After entering a conditional guilty plea, Johnny Harris appeals his conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Harris argues that the district court erred in denying his motion to suppress the gun found in his vehicle because the officer who stopped him for a license plate violation did not have probable cause to believe that a traffic violation had occurred.  Upon review of the parties' briefs and the record, we affirm. [1]

A traffic stop constitutes a seizure under the Fourth Amendment.  Delaware v. Prouse, 440 U.S. 648, 653, 99 S. Ct. 1391, 1396 (1979).  A traffic stop is constitutional if it is based upon either probable cause to believe a traffic law has been violated or a reasonable suspicion of criminal activity.  United States v. Harris, 526 F.3d 1334, 1337 (11th Cir. 2008).  The standard for both probable cause and reasonable suspicion is an objective one.  Id. at 1337-38.  Additionally, reasonable suspicion can rest upon a mistake of law if the mistake is objectively reasonable.  Heien v. North Carolina, 574 U.S. ___, 135 S. Ct. 530, 539-40 (2014) (concluding that an officer's mistaken belief that a North Carolina statute required two working brake lights, rather than just one, was a reasonable mistake of law

---

[1]On appeal, Harris does not challenge his 51-month sentence.  Harris also does not challenge: (1) the fact that he was driving on a suspended license; (2) the extension of the traffic stop once Officer Kaitlyn Grijalva determined that Harris was a habitual traffic offender driving on a suspended license; or (3) Officer Grijalva's plain view discovery of the shotgun sticking out from behind the driver's seat.  Rather, Harris challenges only whether Officer Grijalva had probable cause to stop his truck based on his alleged license plate violation.

based on the wording of the statute, which had never been construed by the state appellate courts).

Florida law at the time of Harris's stop provided in relevant part that:

Every vehicle, at all times while driven, stopped, or parked upon any highways, roads, or streets of this state, . . . shall . . . display the license plate or both of the license plates assigned to it by the state . . . in such manner as to prevent the plates from swinging, and <u>all letters, numerals, printing, writing, and other identification marks upon the plates regarding the word "Florida," the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front</u>. . . . Nothing shall be placed upon the face of a Florida plate except as permitted by law or by rule or regulation of a governmental agency.

Fla. Stat. § 316.605(1) (2014) (emphasis added).

According to Officer Kaitlyn Grijalva's hearing testimony, she pulled Harris's truck over after she observed that the truck's license plate was obstructed by the license plate's frame. Specifically, because of the frame, portions of the "MyFlorida.com" lettering at the top of the license plate, the "2" at the end of the alphanumeric designation, and the decal on the upper-right corner of the license plate were not completely visible.

The district court credited Officer Grijalva's testimony, and Harris has offered no reason for us not to defer to this credibility finding. See United States v. Ramirez-Chilel, 289 F.3d 744, 748-49 (11th Cir. 2002) (explaining that we defer to the district court's credibility determination made during a suppression hearing

3

unless that determination is "contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it").  Contrary to Harris's contention, the photographs of the rear of Harris's truck (submitted by both the government and Harris) corroborate Officer Grijalva's testimony, as they show that the chain-link frame partially obscured the "MyFlorida.com" and "Sunshine State" lettering at the top and bottom of the license plate and slightly overlapped the side of the "2" at the end of the alphanumeric designation. [2]

Harris argues that these obstructions were "de minimis" and did not constitute a violation of § 316.605(1) because they did not render the "required writings" illegible, as evidenced by Officer Grijalva's admission that she was able to read the registration information and enter it accurately on her laptop.  Harris's "de minimis" argument seems inconsistent with the broad language of § 316.605(1), which required not only the registration decal and the alphanumeric designation, but also "all letters, numerals, printing, writing, and other identification marks upon the plates regarding the word 'Florida,'" to be "clear and distinct" and "free from  . . . obscuring matter" so that the plate is not just "legible," but also "plainly visible" from 100 feet away.  See Fla. Stat. § 316.605(1) (2014) (emphasis added).

---

[2] "Because rulings on motions to suppress involve mixed questions of fact and law, we review the district court's factual findings for clear error, and its application of the law to the facts de novo."  United States v. Lewis, 674 F.3d 1298, 1302-03 (11th Cir. 2012).  The facts are construed in the light most favorable to the prevailing party in the district court.  Id. at 1303.

4

In any event, even assuming arguendo that Harris's license plate frame did not actually violate § 316.605(1) because the alphanumeric designation and registration information, although obscured, were still legible, Officer Grijalva's belief that it did violate § 316.605(1) because it obscured other writing on the plate was objectively reasonable in light of the statute's broad language and the lack of any settled state law at the time of Officer Grijalva's stop that precluded her belief. See Heien, 574 U.S. at ___, 135 S. Ct. at 539-40.[3]  Under the circumstances, we cannot say Officer Grijalva's understanding of the scope of § 316.605(1) was objectively unreasonable.

Because Officer Grijalva had probable cause to believe a traffic violation had occurred, her stop of Harris's truck did not violate the Fourth Amendment. Accordingly, the district court did not err in denying Harris's motion to suppress.

**AFFIRMED.**

---

[3]Although Florida intermediate appellate courts had interpreted § 316.605(1) at the time of Officer Grijalva's traffic stop, those decisions were factually inapplicable and also in conflict with each other.  Thus, there was no settled state law that would have made Officer Grijalva's interpretation of the statute objectively unreasonable.